**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:03cr40-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **DARIUS L. CHANEY.** | ) | |
| | ) | |
| _____ | ) | |

     **THIS MATTER** is before the court on defendant's *pro se* Motion to Reduce the Term of Imprisonment Under 18 U.S.C. § 3582(c)(2). No response from the government will be required as the motion may be resolved based on readily apparent law.

     The court has closely read defendant's motion and compared such motion with the criminal judgment and amended criminal judgment in this matter. Specifically, defendant contends that he is entitled to a reduction in his sentence based on Amendment 599 to the United States Sentencing Guidelines, which provided "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." U.S. Sentencing Guidelines Manual App. C, Vol. II, Amend. 599 (reasons) (Supp. 2003). Review of the docket reveals that defendant was originally sentenced on June 15, 2004 (#32) and that an Amended Judgment was entered August 30, 2004 (#37).

     Section 3582(c) permits the court to reduce a sentence "in the case of a

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has ***subsequently*** been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Made effective November 1, 2000, Amendment 599 was in effect when defendant was sentenced in 2004, making Section 3582 relief unavailable to him.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Reduce the Term of Imprisonment Under 18 U.S.C. § 3582(c)(2) is **DENIED**.

Signed: April 11, 2011

Max O. Cogburn Jr.
United States District Judge