**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12cv434-MOC**
**[3:03cr40]**

| | |
|---|---|
| **DARIUS L. CHANEY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **Vs.** ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's pro se "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (#1), petitioner's counseled "Supplement to Motion" (#5), the government's "Response to Motion to Vacate" (#9), and petitioner's counseled "Reply" (#13). For the reasons stated herein, petitioner's Motion to Vacate will be dismissed after initial screening.

**FINDINGS AND CONCLUSIONS**

**I.        Petitioner's Contentions**

Upon initial screening, the court determined that petitioner has asserted a pure Simmons claim challenging his 18 U.S.C. § 922(g) conviction, contending that such conviction was predicated on a now non-qualifying North Carolina offense. As a second contention, it was determined that petitioner, having been sentenced as a career offender and an armed career offender, raised a § 4B1.1 Career Offender claim under Simmons contending that because his prior state-court convictions were not punishable by a term of imprisonment exceeding one year, they do not qualify as a prior felony convictions for

purposes of the career offender provision of the guidelines.

In response, the government concedes that petitioner is entitled to relief on his pure <u>Simmons</u> claim, but argues that on the Career Offender claim that petitioner is not entitled to relief as the sentence imposed was within the statutory maximum. Petitioner has timely filed a reply, and the petition is now ripe for disposition.

## II.    Discussion

### A.    Background

Petitioner was indicted on March 24, 2003, and charged with carjacking and aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Count One); possession of a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. § 924(c) and 2 (Count Two); and three counts possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts Three through Five). Petitioner pled guilty to the carjacking and § 924(c) offenses and to one of the § 922(g)(1) offenses (Count Three), pursuant to a written plea agreement and the government agreed to dismiss the other two § 922(g)(1) charges.

The Presentence Report ("PSR") provided a total offense level of 31 and a criminal history category of VI, yielding an applicable Sentencing Guidelines range of imprisonment of between 188 and 235 months as to the carjacking offense and the § 922(g)(1) offenses. PSR at 7-8, 15. With respect to the § 924(c) offense, the probation officer noted that petitioner was subject to a mandatory minimum term of seven years in prison, to be served consecutively to his sentence on any other count. <u>Id.</u> at 15. In calculating petitioner's total offense level, the probation officer concluded that petitioner qualified as a career offender under Sentencing

Guidelines § 4B1.1 and as an armed career criminal under 18 U.S.C. § 924(e) and Sentencing Guidelines § 4B1.4, based on his five prior convictions for breaking and entering. Id. at 7. As an armed career criminal, petitioner faced a mandatory minimum term of 180 months in prison. 18 U.S.C. § 924(e). Additionally, petitioner faced a statutory maximum term of 180 months in prison as to the carjacking offense. 18 U.S.C. § 2119(1).

As reflected in the Amended Judgment, this Court ultimately sentenced petitioner to the statutory maximum of 180 months as to the carjacking offense and 188 months as to the § 922(g)(1) firearm offense, to be served concurrently; and to 84 months in prison as to the § 924(c) firearm offense, to be served consecutively, for a total of 272 months in prison. Petitioner appealed this Court's judgment, and the Fourth Circuit affirmed this Court's judgment on December 20, 2005. United States v. Chaney, 161 F. App'x 235 (4th Cir. 2005).

## B.    Count Three: § 922(g)(1) Conviction

In its response, the government concedes that in  light of the Court of Appeals for the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), petitioner is actually innocent of the §922(g)(1) conviction.  Further, the government has waived the statute of limitations imposed on such claim by 28 U.S.C. §2255(f)(3).

Where a petitioner does not bring a claim within the time allowed under § 2255(f), such a claim is procedurally barred.  Such bar may be lifted in one of two ways.  First, a defendant can overcome the procedural bar if he or she can show a fundamental miscarriage of justice:

> in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

Murray v. Carrier, 477 U.S. 478, 496 (1986). Actual innocence based on a *constitutional violation* is not itself a substantive claim, but rather serves only to lift the procedural bar caused by a defendant's failure timely to file his or her § 2255 motion. Bousley v. United States, 523 U.S. 614, 622 (1998). Second, the procedural bar imposed under the AEDPA may be lifted by the government. As one court has noted:

> There is a dearth of case law discussing the question of whether the new limitations bar under AEDPA is jurisdictional, or is an affirmative defense that can be waived. However, the few courts that have addressed the issue have concluded that the one-year statute of limitations **is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, and thus is waived if not raised in opposition to a habeas petition**. *See, e.g., Samuel v. Duncan*, 92 F.3d 1194 (table), 1996 WL 413632, at *1 (9th Cir. July 22, 1996) ("the government has not raised the issue [of the statute of limitations under AEDPA], so we need not consider it because the statute of limitations is not jurisdictional and can be waived"), *cert. denied*, 520 U.S. 1157, 117 S.Ct. 1338, 137 L.Ed.2d 497 (1997); *Andrews v. Johnson*, 976 F.Supp. 527, 529 (N.D.Tex. 1997) (because the Writ of Habeas Corpus is a right grounded in common law, and is not based on a statutory waiver of sovereign immunity, it constitutes an affirmative defense that is waived if not pled). Because Metts's petition is not time barred, it is unnecessary for the court to reach this issue.

Metts v. Miller, 995 F.Supp. 283, 291 (E.D.N.Y. 1997) (emphasis added). Inasmuch as the government has waived its Rule 8(c) defense by affirmatively waiving the period of limitation as to this claim, the court may now consider whether such claim is meritorious. United States v. Smith, 2007 WL 1217772, *1 (M.D.Pa. April 24, 2007) ("The one-year period of limitation for filing a § 2255 motion is not jurisdictional . . . ."). Recognizing that courts may *sua sponte* consider timeliness, the Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n. 11 (2006) (state habeas) that because a statute-of-limitations defense is not jurisdictional, courts are not *obligated* to consider the time bar *sua sponte*, but where the sovereign intelligently chooses to waive a statute-of-limitations defense, a district court is not at liberty to disregard that choice.

Turning to the substance of petitioner's first contention, review of the state-court judgments attached to his amended petition reveals that at the time of his guilty plea, petitioner had a number of felony convictions under North Carolina law, including numerous convictions for breaking and entering. His most serious prior felony was, however, a Class H felony under the North Carolina Structured Sentencing Act, for which he received a sentence of 8 to 10 months in prison for that conviction. Under Simmons, such a conviction and sentence does not form an appropriate predicate that would support a Section 922(g)(1) conviction. For purposes of a qualifying predicate conviction under §922(g)(1), a predicate conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Simmons, 649 F.3d at 247. Based on petitioner's showing and the government's concession, the court will vacate the conviction on Count Three, set aside the sentence imposed thereon, and dismiss that count of conviction.

### C. Petitioner's Other Claims

Petitioner further contends that in light of Simmons, he is entitled to be resentenced as to the remaining counts of conviction because the sentencing as to those counts was driven by the conduct in Count Three. The government has not, however, waived the Statute of Limitations as to petitioner's claims concerning these remaining counts of conviction. Further, since petitioner waived his right to collaterally attack his convictions or sentence on these counts in his plea agreement, the government is enforcing the waiver provisions of such agreement.

As discussed briefly above, petitioner's claims as to the remaining counts of conviction are procedurally barred as they have not been brought within any time allowed under §2255(f). Stone v. Powell, 425 U.S. 465, 477 n.10 (1976); United States v. Emanuel, 869 F.2d 795, 796

(4th Cir. 1989). In <u>United States v. Maybeck</u>, 23 F.3d 888, 891 (4th Cir. 1994), the Court of Appeals for the Fourth Circuit held that a defendant may assert an actual innocence exception to excuse a procedural default where the defendant was improperly sentenced as a career offender, <u>id.</u> at 393-94, and suggested that § 2255 relief may be available in such cases. However, in <u>United States v. Pettiford</u>, 612 F.3d 270 (4th Cir. 2010), the appellate court held that "[t]o succeed on actual innocence grounds, . . . "a petitioner must demonstrate actual factual innocence of the offense of conviction,'" and "'this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent.'" <u>Id.</u> at 282 (citation omitted). Where a petitioner argues that his sentence was improperly enhanced because he is actually innocent of the misapplied sentencing enhancement, his claim fails, unless he can show that he is actually innocent of the prior conviction that was used to support the enhancement. In this case, petitioner's sentence was not enhanced because he was convicted on a §922(g)(1) offense, but because of the convictions he had in state court. Petitioner does not contend that he is innocent of those state-court convictions, but only that the sentenced he received for those convictions are not as serious as this court thought they were at the time he was sentenced on the remaining federal offenses.

Under <u>Pettiford</u>, simply showing that the prior state-court convictions do not now qualify as adequate predicate convictions for purposes of applying the federal enhancement is not sufficient to overcome the procedural bar. <u>Id.</u> at 283-84. Regardless of the severity of the sentence imposed in state court, petitioner cannot show that he is actually innocent of the breaking-and-entering offenses that supported the career-offender or the armed-career-criminal designations that increased his applicable advisory guidelines range. Petitioner's motion to vacate his 180-month sentence as to Count One, which is a sentence within the statutory

maximum, is not, therefore, cognizable under § 2255 and petitioner is procedurally barred from asserting such claim.

Finally, even if such claim were not procedurally barred, under <u>United States v. Pregent</u>, 190 F.3d 279, 283-284 (4th Cir.1999), Section 2255 does not apply to errors in the application of the Sentencing Guidelines, absent a showing of exceptional circumstances, as Section 2255 only provides for relief in cases in which the sentence exceeded the statutory maximum. <u>See</u> <u>Sun Bear v. United States</u>, 644 F.3d 700, 704-706 (8th Cir.2011) (concluding that a § 2255 movant who had been sentenced within statutory maximum as a Guidelines career offender could not obtain relief under the <u>Begay</u> rule).

### D. Writ of Error *Coram Nobis* or a Writ of *Audita Querela*

Petitioner also seeks relief under the writ of error *coram nobis* or a writ of *audita querela*. *Coram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. <u>In re Daniels</u>, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); <u>United States v. Mandel</u>, 862 F.3d 1067, 1075 (4th Cir. 1988). Petitioner is in custody, has (or had) an available post-conviction avenue of relief under § 2255(f)(1), and waived his ability to collaterally challenge his convictions or sentence in his plea agreement. *Audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," <u>United States v. Johnson</u>, 962 F.2d 579, 583 (7th Cir. 1992), and in this case, § 2255 was in fact available remedy, leaving no gap to plug.

Petitioner is, therefore, not entitled to any relief under such alternative avenues for seeking relief.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's § 2255 motion:

(1)     as to Count Three is GRANTED and the conviction on Count Three is VACATED, he sentence imposed thereon is SET ASIDE, and Count Three is **DISMISSED;** and

(2)     as to the remaining counts of conviction, such motion is **DENIED** as procedurally barred.

The Clerk of Court is instructed to draft an Amended Judgment reflecting such decision and submit such to Chambers for review.

**<u>Certificate of Appealability</u>**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court issues a certificate of appealability as to the denial of the petition as procedurally barred - - based on the reasons noted in petitioner's Reply - - as reasonable jurists cold well differ on such resolution, especially in light of  <u>Maybeck</u>, 23 F.3d at 891.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 25, 2013

Max O. Cogburn Jr.
United States District Judge