UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-424-MOC
(3:03-cr-40-MOC-1)

| | |
|---|---|
| DARIUS LATRON CHANEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and in light of Petitioner's Supplemental Memorandum, (Doc. No. 10), in which Petitioner concedes that his claim is time-barred. Petitioner is represented by Jared Paul Martin of the Federal Defenders of Western North Carolina.

BACKGROUND AND DISCUSSION

On August 19, 2003, Petitioner pled guilty to robbery of a motor vehicle and aiding and abetting others (Count One), possession of a firearm during and in relation to a crime of violence (Count Two), and possession of a firearm by a convicted felon (Count Three). (Crim. Case No. 3:03-cr-40-MOC-1, Doc. No. 24: Acceptance and Entry of Guilty Plea). The presentence report (PSR) found that Petitioner had five breaking and entering prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.1. See (Id., PSR at ¶ 35, 36, 44-48). Petitioner faced a guidelines range of 188 to 235 months. See (Id. at ¶ 67). On May 17, 2004, this Court imposed a sentence of 272 months (188 months, plus an additional 84-month mandatory consecutive sentence under 18 U.S.C. § 924(c)). (Id., Doc. No. 32: Judgment).

1

On January 25, 2013, this Court granted in part Petitioner's motion to vacate under 28 U.S.C. § 2255 and vacated the conviction on Count Three in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Crim. Case No. 3:03-cr-40-MOC-1, Doc. No. 77). On January 31, 2013, this Court entered an Amended Judgment and imposed a sentence of 264 months. (Id., Doc. No. 78: Amended Judgment).

On June 26, 2015, the Supreme Court held in Johnson v. United States that the residual clause of the Armed Career Criminal Act ("ACCA")—which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015). Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." Id. at 2563. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

On around June 20, 2016, Petitioner filed the underlying motion to vacate though counsel, raising a Johnson claim. (Doc. No. 1). In the motion to vacate, Petitioner argued that, under Johnson, his prior convictions for attempted breaking and entering and prior convictions for breaking and entering no longer qualify as career-offender predicates under Johnson.

On August 9, 2016, the Court placed Petitioner's motion in abeyance pending the outcome of Beckles v. United States, Supreme Court No. 15-8455, in which the petitioner argued that his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. (Doc. No. 4). On March 6, 2017, the Supreme Court held in Beckles that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. 886, 890 (2017).

The Court reasoned that, because the guidelines are not mandatory, due process is not implicated. Beckles did not, however, resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like Petitioner, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory rather than advisory. Because this very issue was pending in the Fourth Circuit Court of Appeals, the Government filed a motion to stay pending a decision in United States v. Brown, No. 16-7065, which this Court granted on May 9, 2017. (Doc. Nos. 6, 7).

Then, on August 21, 2017, in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit Court of Appeals determined that because the Supreme Court's holding in Beckles left this question open, the Supreme Court has not recognized a right to challenge the pre-Booker mandatory Sentencing Guidelines as void for vagueness, and therefore such a right cannot be challenged in a § 2255 motion. After the Fourth Circuit denied Petitioner's motion for an en banc rehearing, the petitioner in Brown filed a petition for certiorari in the Supreme Court, and this Court again stayed this action pending the Supreme Court's decision on the petition for certiorari. (Doc. No. 9). On October 15, 2018, the Supreme denied certiorari in Brown, thus leaving the Fourth Circuit's Brown decision intact.

On November 3, 2018, Petitioner filed a supplemental memorandum in light of the Supreme Court's denial of certiorari in Brown v. United States, Sup. Ct. No. 17-9276. In the supplemental memorandum, Petitioner states that the parties agree that, based on the Supreme Court's denial of certiorari, Petitioner's claim is foreclosed as untimely by United States v. Brown, 868 F.3d 297 (4th Cir. 2017). That is, Petitioner had originally argued that his petition was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Johnson, and Petitioner argued that Johnson applied not just to ACCA convictions, but also to provisions in the sentencing

3

guidelines that had the same language as the ACCA residual clause that Johnson invalidated. The Beckley decision has since then foreclosed Petitioner's argument that Johnson applies to the sentencing guidelines, particularly those in place after Booker, and Brown has now foreclosed Petitioner's argument that, notwithstanding Beckley, Johnson applies to the guidelines where a petitioner was sentenced before Booker. Thus, Petitioner concedes that his petition is untimely because he is not entitled to relief under Johnson. The Court agrees and will therefore deny and dismiss the petition.

Finally, the Court notes that Petitioner seeks an order from the Court granting a certificate of appealability. Petitioner essentially contends that reasonable jurists would disagree over the constitutionality of the Court's denial of a motion to vacate as untimely in which a petitioner raises a Johnson claim where the petitioner was sentenced pre-Booker. The Court recognizes that Judge Gregory wrote a dissent in the Fourth Circuit's Brown decision, arguing that the petitioner there should be entitled to relief under Johnson and after Beckles. The Court also recognizes that Justice Sotomayor wrote a dissent in the Supreme Court's decision denying the petition for certiorari in Brown, in which Justice Ginsburg joined. Nevertheless, this Court is bound by Fourth Circuit precedent, which clearly dictates that Petitioner is not entitled to Johnson relief. Thus, the Court declines to grant a certificate of appealability in this action, as Brown is now settled law in this circuit.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both

4

that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

ORDER

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is **DENIED** and **DISMISSED** with prejudice.

2. The Court declines to issue a certificate of appealability.

Signed: November 9, 2018

Max O. Cogburn Jr.
United States District Judge